FILED
CLERK
10:13 am, Jul 13, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL S. GIBSON,

                        Petitioner,

        -against-                                    MEMORANDUM AND ORDER
                                                     20-CV-2584 (GRB)
EARL BELL, SUPERINTENDENT CLINTON
CORRECTIONAL FACILITY,

                        Respondent.
----------------------------------------------------------------X
```

**GARY R. BROWN, United States District Judge:**

Petitioner Michael S. Gibson ("Petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction entered on September 8, 2015 in the Supreme Court of the State of New York, County of Nassau (the "trial court"). Following a jury trial, Petitioner was convicted of one count of murder in the second degree and two counts of criminal possession of a weapon in the second degree. On this petition, Petitioner raises several claims:

- Insufficiency of the evidence

- Failure to provide the jury with a charge for manslaughter

- Denial of the right to confront the analyst who performed the low copy DNA testing

- Denial of the right to present a defense when the trial court limited the scope of cross-examination of a police witness

- Denial of the right to a *Frye* hearing to determine the reliability of the low copy DNA testing

- Denial of a post-conviction evidentiary hearing, and

- Ineffective assistance of counsel, largely predicated on the other grounds cited, and for the additional grounds of failure to pursue a misidentification defense; failure to pursue a

1

> no-intent defense and conceding the shooting was intentional; and failure to preserve his confrontation claim.

Docket Entry ("DE") 1. Because each of these claims is procedurally barred and/or substantively without merit, and because none represent a procedure or decision that was contrary to, or an unreasonable application of, clearly established federal law, the petition for a writ of habeas corpus is denied.

## I. BACKGROUND

A review of the petition, filings by the Petitioner and the Respondent and the state court record reveals that the Petitioner was convicted by a jury after trial, during which trial the prosecution introduced evidence including eyewitness testimony, crime scene surveillance video footage, DNA profile evidence, DNA expert testimony, and evidence of cell site information of Petitioner's girlfriend (the driver of the getaway car). DE 1, 6, 7, 9.

Petitioner was sentenced to a term of (i) twenty-five years to life imprisonment for the second-degree murder conviction and (ii) fifteen years' imprisonment followed by five years of post-release supervision for each of the weapon possession convictions. DE 7-61. The sentences were ordered to run concurrently. *Id*.

Petitioner pursued an appeal in the state court system. In a decision and order dated July 5, 2018, the New York Supreme Court, Appellate Division, Second Department (the "Second Department") affirmed Petitioner's judgment of conviction. *People v. Gibson*, 80 N.Y.S.3d 392, 392-95 (2d Dep't 2018), *leave to appeal denied*, 32 N.Y.3d 1064 (2018). The court denied his claims based upon the sufficiency of the evidence and found that Petitioner's request for a *Frye* hearing was properly denied. *Id*. In addition, the Second Department found that Petitioner's claims that he was denied the right to confront the analyst who performed the DNA testing and denied the right to present a defense were unpreserved, and in any event, were without merit. *Id*.

Finally, the court found that the claim of ineffective assistance of counsel was mixed because it was based, in part, on matter outside the record that should have properly been raised in a New York Criminal Procedure Law Section ("C.P.L.") 440.10 motion. *Id.* The court determined that it was not evident from the matter appearing on the record that Petitioner was deprived of effective assistance of counsel. *Id.* Petitioner filed an application with the New York State Court of Appeals for leave to appeal the Second Department's decision, but on October 11, 2018, the Court denied Petitioner's application for further review. *People v. Gibson*, 32 N.Y.3d 1064 (2018).

Thereafter, on December 18, 2018, Petitioner, proceeding *pro se*, moved to vacate the judgment of conviction pursuant to C.P.L. § 440.10(1)(h) based on claims of ineffective assistance of counsel for trial counsel's failure to request a charge for manslaughter and failure to object to the DNA testimony on confrontation clause grounds. DE 7-63. On May 14, 2019, the Supreme Court, Nassau County denied the motion in its entirety on the ground that his claims were procedurally barred and were matters of record that were previously raised on direct appeal. DE 7-66. The court noted that Petitioner had not submitted any sworn factual allegations of any matters outside the record that substantiated or tended to substantiate his claims. *Id.* In addition, the court ruled that counsel had provided meaningful representation. *Id.* Petitioner sought leave to appeal the denial of his C.P.L. § 440.10 motion, but on August 19, 2019, the Second Department denied his application. DE 7-48.

## II. Standard of Review

This petition is reviewed under the well-established standard of review of habeas corpus petitions, including the authority of this Court to review such matters, the application of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the exhaustion doctrine, the

independent and adequate procedural bar, the cause and prejudice exception, AEDPA deference, the evaluation of claims of ineffective assistance of counsel and Brady violations, and the liberal construction afforded to filings by *pro se* petitioners, as more fully discussed in *Licausi v. Griffin*, 460 F. Supp. 3d 242, 255–60 (E.D.N.Y. 2020), *appeal dismissed*, No. 20-1920, 2020 WL 7488607 (2d Cir. Nov. 17, 2020). The discussion of these principles set forth in *Licausi* is incorporated herein by reference.

### III. DISCUSSION

As noted, Petitioner seeks habeas relief on the following grounds: insufficiency of the evidence, failure to provide the jury with a manslaughter charge, denial of the right to confront the analyst who performed the low copy number DNA testing, denial of the right to present a defense when the trial court limited the scope of cross-examination of a police witness, denial of the right to a *Frye* hearing, denial of a post-conviction evidentiary hearing, and ineffective assistance of counsel, largely predicated on the other grounds cited, and for the additional grounds of failure to pursue a misidentification defense; failure to pursue a no-intent defense and conceding the shooting was intentional; and failure to preserve his confrontation claim.

Even affording the petition the solicitous treatment accorded to *pro se* pleadings, none of the grounds support habeas relief. Some are rooted in state law rights that are simply not cognizable on a habeas petition and/or were denied based upon an independent and adequate state law ground, including claims regarding jury instruction issues,[1] failure to charge a lesser

---

[1] *Cupp v. Naughten*, 414 U.S. 141, 146-47 (1973) (jury instruction argument in habeas petitions generally rooted in state law). Here, the complained of error – the failure to provide a lesser-included offense charge for first-degree manslaughter was a legitimate trial strategy because it would have been inconsistent with and would have contradicted Petitioner's misidentification defense. *See People v. Olsen,* 148 A.D.3d 829, 830 (2d Dep't 2017) (legitimate trial strategy to pursue an all or nothing strategy seeking acquittal on a murder charge rather than a conviction on a manslaughter charge); *see also People v. Diaz*, 149 A.D.3d 974, 974-75 (2d Dep't 2017) (decision not to seek a lesser-included offense charge "reflected a legitimate trial strategy because it would have undermined misidentification defense at trial"); *see also Cruz v. Colvin*, No. 17-CV-3757 (JFB), 2019 WL 3817136, at *15

4

included offense,[2] and evidentiary rulings.[3] To the extent that factually-based claims were fully considered by the state court, *People v. Gibson*, 80 N.Y.S.3d at 392-95, such determinations must be given deference by this Court under the AEDPA. The Court finds no error regarding the determinations concerning the admissibility of the DNA evidence, given that the DNA evidence merely confirmed the direct and circumstantial evidence of record, including video footage of the murder and eyewitness identification testimony (i) from Petitioner's girlfriend who drove his vehicle as they fled the scene and identified him as the person in the video who got out of the car and (ii) from a participant in the fist fight who identified Petitioner as the shooter. Furthermore, Petitioner cannot proceed on claims that were not fully exhausted and hence subject to the procedural bar, as Petitioner has failed to demonstrate (1) "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner's challenge to the sufficiency of the evidence fails to meet the "doubly deferential" standard applied to the determinations of the jury and the state courts.[4] Finally,

---

(E.D.N.Y. Aug. 14, 2019) (holding that "Counsel's decision not to pursue an affirmative defense that would have contradicted his theory of the case, which was a mistaken identity theory, is a sound trial strategy").

[2] In *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir.1996) the Circuit held that because a decision on whether due process requires the inclusion of lesser-included offenses in non-capital cases would require the announcement of a new constitutional rule, consideration of that issue under federal *habeas* review was precluded by *Teague v. Lane*, 489 U.S. 288, 316 (1989).

[3] "Under Supreme Court jurisprudence, a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." *McKinnon v. Superintendent, Great Meadow Corr. Facility*, 422 F. App'x 69, 72-73 (2d Cir. 2011) (citing *Hawkins v. Costello*, 460 F.3d 238, 244 (2d Cir.2006)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Such claims do not constitute constitutional magnitude unless the evidentiary error was "so pervasive as to have denied [defendant] a fundamentally fair trial." *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985).

[4] "When a federal habeas petition challenges the sufficiency of the evidence to support a state-court conviction, AEDPA establishes a standard that is 'twice-deferential.' A state court directly reviewing a jury verdict of guilty must, consistent with United States Supreme Court precedent, view the evidence in the light most favorable to the

based on these considerations, Petitioner's claim of ineffective assistance of counsel does not warrant relief.[5]

Thus, the petition is denied in its entirety.

## IV. CONCLUSION

Because the Court has considered all of Petitioner's arguments and found them meritless, the petition is denied. A certificate of appealability shall not issue because Petitioner has not made a substantial showing that he was denied any constitutional rights. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Memorandum and Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Memorandum and Order to Petitioner and to close the case.

**SO ORDERED.**

Dated: July 13, 2021
      Central Islip, New York

    /s/Gary R. Brown
HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE

---

prosecution and must not uphold a challenge to the sufficiency of the evidence if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. And the federal court in a habeas proceeding may not ... overturn the state-court decision rejecting a sufficiency challenge ... unless the decision was objectively unreasonable. In sum, *Jackson* [*v. Virginia*, 443 U.S. 890 (1979)] leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors draw reasonable inferences from basic facts to ultimate facts, and on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Santone v. Fischer*, 689 F.3d 138, 148 (2d Cir. 2012) (alterations omitted).

[5] "Representation is constitutionally ineffective only if it 'so undermined the proper functioning of the adversarial process' that the defendant was denied a fair trial." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (citation omitted).